**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**CITY OF LAUREL, MISSISSIPPI**                                                     **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:08cv185KS-MTP**

**ARGO GROUP US; TRIDENT INSURANCE
SERVICES, LLC; AND ARGONAUT GREAT
CENTRAL INSURANCE COMPANY**                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

      This matter is before the court on a Motion to Dismiss and Compel Appraisal, or, in the Alternative, Stay Proceedings **[#10]** filed on behalf of the defendants. The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken in part and should be granted as hereinafter stated. The court specifically finds as follows:

**FACTUAL BACKGROUND**

      This case arises out of a contractual relationship between the defendants and the City of Laurel, Mississippi. The plaintiff purchased an insurance policy from defendant, Argonaut Great Central Insurance Company with an effective policy period from November 25, 2004 to November 25, 2005.

      On August 29, 2005, Hurricane Katrina struck the City of Laurel, Mississippi. The plaintiff alleges that Katrina severely damaged numerous pieces of real property owned by the City and that such property is covered under the provisions of the aforementioned policy. The plaintiff made claims for damages against the policy by

providing a description of the damage done and the required work to repair the damage together with a cost for same. The plaintiff alleges that the defendants have failed to respond in any manner at all except for the purposes of delay and harassment and that the defendants have breached their obligations under the aforesaid policy and contract as well as their duty of good faith and fair dealing.

However, the defendants have reimbursed the plaintiff in the amount of $702,360.71 for Hurricane Katrina related damage. Further, the defendants assert that the policy contains a more judicially economical alternative to the instant action in the form of a binding appraisal provision to resolve any disagreement between the parties on the value of the property at issue or the amount of the loss, a process which the plaintiff has already commenced.

Indeed, on June 6, 2008, the plaintiff asserted its contractual right under the policy to demand an appraisal of the value of the property at issue and the amount of the loss thereto. The defendants responded that additional documentation and information supporting the plaintiff's supplemental requests was needed prior to the appraisal and requested additional documents and an examination under oath. However, in order to address the plaintiff's alleged concern that the statute of limitations might expire before the appraisal process could be completed, the defendants offered to extend any statute of limitations on the plaintiff's claims for one year, or until July 31, 2009.

Nevertheless, the plaintiff commenced the instant action less than one month later while the parties were still allegedly in the process of preparing for the appraisals. The plaintiff asserts that it never had any concerns about the statute of limitations period

but instead grew weary of the continued delaying tactics of the defendants in prolonging the appraisal process and the payment of the claim. The defendants have thus moved to dismiss this matter or to stay the proceedings and compel the completion of the appraisal process .

## STANDARD OF REVIEW

The defendants have moved the court to dismiss this matter under Rule 12(b)(6) . In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint and the documents filed therewith. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990). As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

The insurance policy between plaintiff and defendants contains a binding appraisal provision requiring the plaintiff to arbitrate any dispute it has with defendants regarding the value of the property at issue or the amount of the loss:

> **Appraisal.** If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state

separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

Appraisal provisions in insurance contracts are enforceable. *Havard v. Kemper Nat. Ins. Companies*, 71 F.3d 876 (5th Cir. 1995)(citing *Hamilton v. Liverpool & London & Globe Ins. Co*, 136 U.S. 242, 256 (1890)); *Hartford Fire Insurance Company v. Conner*, 79 So.2d 236 (Miss. 1955); *Home Ins. Co. v. Watts*, 229 Miss. 735, 91 So.2d 722 (1957). It is the duty of both parties to an insurance contract which provides for a submission to an appraisal of the question of the amount of loss or damages, to act in good faith and to make a fair effort to carry out such an agreement and accomplish its object. *Conner*, 79 So.2d at 239. Furthermore, Mississippi law favors amicable settlements of *controversies without court involvement. Mitchell* v. Aetna Casualty and Surety Company, 579 F.2d 342, 350 (5th Cir. 1978)(citations omitted).

Federal Courts have routinely granted motions to dismiss based on the failure of plaintiffs to participate in an appraisal process demanded by the defendant. *See Brown v Prudential*, 1989 WL 140460 (E.D. Pa. Nov. 17, 1989) at *1 (granting insurer's motion to dismiss because insured failed to submit appraisal). Dismissal of this case would, undoubtedly, conserve judicial resources, and according to the defendants, would also likely speed the resolution of this dispute by promoting the use of a contractually created procedure specifically designed to address the disagreement alleged by the plaintiffs. The court is not so sure of the speed of resolution based on the apparent foot-dragging that has occurred so far.

In the event the court does not dismiss the Complaint, the defendants have moved in the alternative for an order staying this action and compelling the plaintiffs to participate in the contractually mandated appraisal process, which is also a course adopted by federal courts when requested by a party. *See e.g., Bullard Bldg. Condo. Ass'n v Travelers Prop. Cas. Co. of Amer.*, 2006 WL 2787850, *2 (M.D. Fla. Sept. 26, 2006) (denying dismissal due to fact that defendant had already answered complaint, but compelling appraisal of hurricane damage and staying case).

The plaintiff has not effectively refuted any of the defendants' argument or authorities. The court therefore finds that even though a stay will leave the case open, it would nonetheless serve the interests of judicial economy by ensuring that the contractually mandated appraisal process will be completed in a timely manner or else be resolved by proceedings in this court.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss and Compel Appraisal, or, in the Alternative, Stay Proceedings **[#10]** filed on behalf of the defendants is granted to the extent that this matter is stayed for a period of ninety (90) days during which time the parties are ordered and compelled to complete the appraisal process. At the expiration of ninety (90) days, and if this case remains unresolved, it will be returned to the active docket and the parties are directed to contact the Magistrate Judge for the entry of a Case Management Order at that time.

SO ORDERED AND ADJUDGED this 14th day of January, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE